\*\*E-Filed 12/28/05\*\*

NOT FOR CITATION

# IN THE UNITED STATES DISTRICT COURT

# FOR THE NORTHERN DISTRICT OF CALIFORNIA

# SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>Plaintiff,<br><br>v.<br><br>SUNCREST ENTERPRISE, et al.,<br><br>Defendants. | Case Number C 03-5424 JF (HRL)<br><br>ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT<br><br>[Doc. No. 47] |

Plaintiff Microsoft Corporation ("Microsoft") moves to enforce a settlement purportedly entered into with Defendants Suncrest Enterprise, Inc. ("Suncrest") and its principal, Defendant Yi-Ling Chen ("Chen"). The Court has considered the briefing of the parties as well as the oral arguments presented at the hearing on December 16, 2005. For the reasons discussed below, the motion will be denied.

**I. BACKGROUND**

Microsoft filed the instant copyright infringement action on December 2, 2003, alleging that Suncrest, a computer goods wholesaler, was selling counterfeit Microsoft software. There was little activity in the case during the following year. Defendants retained new counsel on September 10, 2004, and shortly thereafter Suncrest filed a third party complaint against the company that had supplied the suspect goods, M-Plus International Technology, Inc. ("M-Plus"),

and two M-Plus principals.

The parties participated in a mediation with Margaret Corrigan at the Mediation Offices of the Ninth Circuit Court of Appeals in San Francisco on May 12, 2005.  The case did not settle at that time, and on the following day Defendants' counsel withdrew as counsel of record. Defendant Chen, proceeding *pro se*, subsequently participated in telephonic settlement discussions with Microsoft's counsel.  Chen is an immigrant from Taiwan, speaks Chinese as her primary language, and speaks only limited English.  Chen Decl. ¶ 3.  Chen is not an attorney, but, according to Microsoft, she entered into a binding oral settlement agreement on behalf of herself and Suncrest during the telephonic discussions with Microsoft's counsel.  Microsoft claims that the key terms of the oral settlement were as follows:  Defendants would pay Microsoft $90,000 on or before July 15, 2005; the parties would stipulate to a permanent injunction against Defendants; and Microsoft would dismiss the action against Defendants with prejudice.  Chen disputes Microsoft's characterization of the telephonic discussions, and asserts that no binding settlement was reached.

Microsoft claims that after the oral settlement had been reached, Ms. Corrigan arranged for a conference call on June 28, 2005 with herself, Microsoft's counsel and Chen, and that during that call Microsoft's counsel and Chen orally confirmed the terms of the settlement agreement.  Chen disputes Microsoft's characterization of that conference call, and asserts that she never agreed to a binding settlement.

On July 6, 2005, the following entry was made on the Court's docket:

ADR Remark:  case fully settled after further phone discussions following 5/12/2005 mediation session.  ADR process completed.  (af, COURT STAFF) (Filed on 7/6/2005) (Entered:  07/06/2005)

It is not clear who made this entry.  What is clear is that the entry is erroneous at least in part, because even assuming that there was a settlement between Microsoft, Chen and Suncrest, there was no settlement with M-Plus or the M-Plus principals.  Thus, the case was not "fully settled."

Also on July 6, 2005, Microsoft filed a notice of settlement as between itself and Chen and Suncrest.  Microsoft sent Chen a draft written agreement reflecting the terms as Microsoft understood them in early July, asking Chen to sign "if acceptable."  Chen did not sign the draft

agreement, but rather retained John Gorman and Craig Hansen of Gorman & Miller to represent her and Suncrest; new counsel substituted in as counsel for Defendants on July 14, 2005. Microsoft's counsel, Jennifer Chiarelli of Perkins Coie, thereafter telephoned Mr. Gorman to inquire about the status of the settlement. Mr. Gorman stated that he needed to review the file and determine whether Defendants would be proceeding with the settlement. That conversation is memorialized in a July 26, 2005 letter from Ms. Chiarelli to Mr. Gorman.

Mr. Gorman states in his declaration that subsequently he notified Ms. Chiarelli that Defendants would not settle. Gorman Decl. ¶ 10. Mr. Gorman asserts that Ms. Chiarelli did not take the position that a binding settlement had been reached. *Id.* The parties then began taking discovery. On August 17, 2005, the parties entered into a stipulation to continue trial and pretrial dates, providing in part that:

> The parties participated in a mediation on May 12, 2005 and after several follow up discussions, plaintiff Microsoft Corporation ("Microsoft") and defendants Suncrest Enterprise and Yi-Ling Chen a/k/a Eileen Chen (collectively, "Defendants") had contemplated that they would be able to reach a settlement of their portion of the case. Microsoft accordingly filed a Notice of Settlement with the Court on July 6, 2005. However, Microsoft and Defendants were unsuccessful in finalizing the settlement. Consequently, the parties request a continuance to allow them to complete discovery, which had been deferred in light of the aforementioned settlement.

The Court issued an order adopting the stipulation on August 25, 2005. The parties thereafter exchanged hundreds of discovery documents and took depositions. Microsoft did not file the instant motion to enforce the settlement until November 7, 2005.

## II. DISCUSSION

"It is well settled that a district court has the equitable power to enforce summarily an agreement to settle a case pending before it." *Callie v. Near*, 829 F.2d 888, 890 (9th Cir. 1987). However, the existence of conflicting evidence as to whether the parties had a meeting of the minds regarding the material terms of the purported settlement agreement makes summary enforcement inappropriate. *Id.* at 891.

In the instant case, there is conflicting evidence as to whether the parties actually agreed to settle the case on the terms outlined by Microsoft. The Court cannot consider evidence of statements made during the mediation proceedings. *See* Fed. R. Civ. P. 408; Civ. L. R. 6-11. In

3

the Court's view, this mediation privilege extends to the substance of the mediator-sponsored conference call during which the mediator allegedly obtained oral confirmation of the settlement agreement from Microsoft's counsel and Chen. The mediation privilege clearly does not extend to the telephonic settlement negotiations conducted by the parties without the aid of the mediator, or to the draft settlement agreement sent to Chen by Microsoft's counsel; however, the parties have presented conflicting declarations as to what was said during those negotiations and as to the import of the draft settlement agreement.[1]

Microsoft points to the July 6, 2005 docket entries reflecting settlement of the case. While these entries reflect the subject belief of Microsoft, and arguably of the mediator, neither entry was made on behalf of Defendants or with Defendants' consent. In fact, it appears that Defendants did not receive notice of the docket entries because prior counsel had withdrawn and Mr. Gorman had not yet appeared. Accordingly, the docket entries provide no aid in determining whether Chen intended to, or believed that she had, entered into a binding oral settlement agreement.

Moreover, the letter accompanying the draft settlement agreement sent to Chen indicated that Chen should sign the proposed agreement "if acceptable." Chen declined to sign the proposed agreement and instead retained Mr. Gorman. Mr. Gorman states in his declaration that he subsequently informed Microsoft's counsel that Chen would not agree to the proposed

---

[1] Microsoft moves to strike portions of Chen's declaration on the ground that it impermissibly discloses the substance of confidential mediation proceedings. Microsoft also argues that Chen refused to answer deposition questions regarding the mediation proceedings. Chen argues that *Microsoft* is the party that first disclosed the substance of the mediation proceedings, and that Chen responded only to correct the record. As noted above, the Court cannot consider *any* evidence regarding the substance of mediation proceedings. Accordingly, Microsoft's motion to strike will be granted insofar as Chen's declaration violates the mediation privilege. However, the Court will consider Chen's declaration with respect to her statements regarding her background, the chronology of this case, and her opinion that she did not enter into an oral settlement with Microsoft.

Microsoft also moves to strike portions of Mr. Gorman's declaration on the ground that certain statements are made without personal knowledge or constitute argument. That motion will be granted. However, the Court will consider Mr. Gorman's statements regarding the chronology of this case and his description of communications he had with Microsoft's counsel.

settlement terms, and that Microsoft's counsel did *not* at that time assert the position that Chen had entered into a binding oral settlement. Gorman Decl. ¶¶ 10. The parties subsequently entered into a stipulation stating that while the parties had hoped to settle, "Microsoft and Defendants were unsuccessful in finalizing the settlement," and requesting an extension of the case management schedule so that the parties could pursue discovery. The parties thereafter engaged in document production and depositions. So far as the Court can determine from this record, Microsoft did not take the position that the parties settled in June until five months later when Microsoft filed the instant motion on November 7, 2005.

Based upon this record, the Court concludes that summary enforcement of the alleged settlement agreement is inappropriate. *See Callie*, 829 F.2d at 891. The Court could hold an evidentiary hearing in order to determine whether the parties entered into a binding settlement agreement. *See id.* at 890. However, based upon the record presently before it, the Court concludes that such a hearing would not resolve the factual disputes created by the conflicting evidence discussed above. Accordingly, the Court will deny Microsoft's motion.

The Court's ruling is without prejudice to Microsoft's right to assert the existence of the purported oral settlement agreement through other means, for example, by pleading a claim for breach of oral contract or a defense based upon oral settlement.

### III. ORDER

(1)  Plaintiff's motions to strike portions of the Chen declaration and the Gorman declaration are GRANTED as set forth herein; and

(2)  Plaintiff's motion to enforce the alleged settlement agreement is DENIED.

DATED: December 28, 2005

/s/ electronic signature authorized
_____
JEREMY FOGEL
United States District Judge

1  This Order was served on the following persons:

2

3  John C. Gorman    jgorman@gormanmiller.com

4  Craig Alan Hansen    chansen@gormanmiller.com

5  Andrew K. Jacobson    andy@bayoaklaw.com

6  Shawn T. Leuthold    leuthold@aol.com

7  Katherine Dugdale
   Perkins Coie LLP
8  1620-26th Street, Sixth Floor
   South Tower
9  Santa Monica, CA 90404-4013

6

Case No. C 03-5424 JF (HRL)
ORDER DENYING PLAINTIFF'S MOTION TO ENFORCE SETTLEMENT
(JFLC2)