**\*E-FILED ON 1/6/06\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>   Plaintiff,<br>v.<br><br>SUNCREST ENTERPRISE and YI-LING CHEN a/k/a EILEEN CHEN,<br><br>   Defendants.<br>_____/ | No. C03-05424 JF (HRL)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART MICROSOFT'S MOTION TO COMPEL DEPOSITION ANSWERS; AND (2) DENYING MICROSOFT'S REQUEST FOR MONETARY SANCTIONS**<br><br>**[Re: Docket No. 58]** |

   On January 3, 2006, this court heard the "Motion to Compel Deposition Answers from Defendant Yi-Ling Chen a/k/a Eileen Chen" filed by plaintiff Microsoft Corporation ("Microsoft"). Defendants Suncrest Enterprises, Inc. ("Suncrest") and Yi-Ling Chen ("Chen") opposed the motion. Upon consideration of the papers filed by the parties, as well as the arguments of counsel, the court grants in part and denies in part the motion to compel and denies Microsoft's request for sanctions.

   In this action, Microsoft alleges that defendants distributed counterfeit Microsoft software products despite being on notice that such conduct infringed Microsoft's copyrights and trademarks. Suncrest and Chen deny these allegations and claim that they bought software goods from vendors they believed to be reputable.

   Microsoft contends that the parties orally agreed to settle the instant lawsuit following a

1 May 12, 2005 court-sponsored mediation before Margaret Corrigan from the Circuit Mediation
2 Office of the Ninth Circuit Court of Appeals. It says that while the case did not settle on May 12,
3 2005, the parties participated in subsequent telephone conferences with Corrigan and, after nearly two
4 months of discussion, the parties reached a settlement. On June 29, 2005, Microsoft's counsel sent a
5 letter to defendants enclosing a settlement agreement/release, a stipulated permanent injunction and a
6 stipulated dismissal for Chen to sign "if acceptable." (Dugdale Decl., Ex. A). The docket sheet
7 indicates that on July 6, 2005, an entry was made reflecting settlement of the case. However,
8 Microsoft contends that Chen did not execute the settlement documents and instead hired her third
9 (and current) counsel (who substituted into this action on July 14, 2005) and inexplicably reneged the
10 parties' agreement.

11 On November 11 and 14, 2005, Microsoft deposed Chen as Suncrest's corporate designee
12 pursuant to Fed.R.Civ.P. 30(b)(6), as well as in her capacity as an individual. At that deposition,
13 Microsoft's counsel asked several questions pertaining to the alleged settlement, which Chen refused
14 to answer, asserting, among other things, the mediation privilege. Microsoft now moves to compel
15 Chen to answer those questions. Relying upon *Folb v. Motion Picture Industry Pension & Health*
16 *Plans*, 16 F. Supp.2d 1164 (C.D. Cal. 1998), Microsoft argues that the deposition questions at issue
17 do not call for information within the scope of the mediation privilege. Defendants assert that other
18 courts take a broader view, holding that all communications made in furtherance of settlement
19 negotiations are privileged. *See Goodyear Tire & Rubber Co. v. Chiles Power Supply, Inc.*, 332
20 F.3d 976 (6th Cir. 2003) (concluding that the parties' communications made in furtherance of
21 settlement negotiations are privileged and protected from third-party discovery).

22 While the instant motion was pending, on December 28, 2005, the District Court denied
23 Microsoft's motion to enforce the alleged oral settlement agreement. In so ruling, the court stated that:

> this mediation privilege extends to the substance of the
> mediator-sponsored conference call during which the mediator
> allegedly obtained oral confirmation of the settlement
> agreement from Microsoft's counsel and Chen. The mediation
> privilege clearly does not extend to the telephonic settlement
> negotiations conducted by the parties without the aid of the
> mediator or to the draft settlement agreement sent to Chen by
> Microsoft's counsel; however the parties have presented
> conflicting declarations as to what was said during those
> negotiations and as to the import of the draft settlement agreement.

1  (Order Denying Plaintiff's Motion to Enforce Settlement, Docket No. 89). Its ruling was made
2  without prejudice to Microsoft to plead a claim for breach of oral contract or a defense based upon
3  oral settlement. So far as this court is aware, Microsoft has not yet asserted such a claim or defense.
4        In any event, this court concludes that most of the deposition questions at issue seek
5  information pertaining to the parties' conversations with the mediator and are, therefore, protected.
6  (*See* Chiarelli Decl., Ex. A (Chen/Suncrest Depo. 150:8-14, 150:24-152:14)). *Folb* is not to the
7  contrary. In that case, the court concluded that "communications to the mediator and communications
8  between parties during the mediation" and "communications in preparation for and during the course of
9  a mediation with a neutral" are protected. *Folb*, 16 F. Supp.2d at 1180. Microsoft has not
10 convincingly argued that the privilege distinguishes between communications which it characterizes as
11 signifying an agreement and those which it says comprise ongoing negotiations over settlement terms.
12 Further, there is no dispute that the mediation in the instant lawsuit was conducted pursuant to a
13 confidentiality agreement which provides, in relevant part:

> Consistent with ADR L.R. 5-12 and 6-11 governing the confidentiality of ENE and mediation sessions and, to the extent applicable, California Evidence Code Sections 703.5 and 1115-1128, the participants in the ADR session agree that they shall treat as "confidential information" anything that happened or was said in connection with the ADR session. "Confidential information" shall not be disclosed to anyone not involved in the litigation, shall not be disclosed to the assigned judge, and shall not be used for any purpose, including impeachment, in any pending or future proceedings unless all parties and the neutral so agree.

20 (Gorman Decl., Ex. A). Accordingly, Microsoft's motion to compel is DENIED as to these questions.
21       However, Microsoft's motion to compel is GRANTED as to Microsoft's questions about (1)
22 what Chen did when she received the June 29, 2005 letter from Microsoft's counsel; and (2) whether
23 she has an understanding as to why Microsoft's counsel notified the court that the litigation had been
24 settled. (Chiarelli Decl., Ex. A (Chen/Suncrest Depo., 149:24-25, 150:16-18)). On their face, these
25 questions do not ask Chen to reveal the substance of any communications made in preparation for and
26 during the mediation. As such, this court concludes that they do not impinge upon the mediation
27 privilege. Suncrest shall produce Chen to answer these questions (and any appropriate follow-up
28

3

1 questions) no later than January 31, 2006 at a mutually agreeable time and location.  Further, the
2 deposition shall last no more than 2.0 hours (excluding breaks).[1]

3     Nevertheless, Microsoft's request for sanctions is DENIED.  Defendants correctly note that
4 the request did not comply with Civil Local Rule 37-3.  In any event, under the circumstances
5 presented, this court concludes that sanctions are not warranted.

6     IT IS SO ORDERED.

7 Dated: January 6, 2006

        /s/ Howard R. Lloyd
        HOWARD R. LLOYD
        UNITED STATES MAGISTRATE JUDGE

United States District Court
For the Northern District of California

---

[1] This court is concurrently issuing its order on Microsoft's separately filed "Motion to Compel Defendant Suncrest Enterprise, Inc. to Designate and Produce an Adequately Prepared 30(b)(6) Witness" in which Microsoft is being given two hours for a further deposition of Suncrest.  The court notes that Microsoft shall have two hours <u>total</u> for the further depositions of Chen <u>and</u> Suncrest, and <u>not</u> two hours for each deposition.

**5:03-cv-5424 Notice will be electronically mailed to:**

John C. Gorman jgorman@gormanmiller.com

Craig Alan Hansen chansen@gormanmiller.com

Andrew K. Jacobson andy@bayoaklaw.com

Shawn T. Leuthold leuthold@aol.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.