**United States District Court**
For the Northern District of California

**\*E-FILED ON 1/6/06\***

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>    Plaintiff,<br>v.<br><br>SUNCREST ENTERPRISE and YI-LING CHEN a/k/a EILEEN CHEN,<br><br>    Defendants.<br>_____/ | No. C03-05424 JF (HRL)<br><br>**ORDER (1) GRANTING IN PART AND DENYING IN PART MICROSOFT'S MOTION TO COMPEL PRODUCTION OF ADEQUATELY PREPARED FED.R.CIV.P. 30(b)(6) DESIGNEE; (2) GRANTING MICROSOFT'S MOTION TO STRIKE; AND (3) DENYING MICROSOFT'S REQUEST FOR MONETARY SANCTIONS**<br><br>**[Re: Docket No. 65]** |

      On January 3, 2006, this court heard the "Motion to Compel Defendant Suncrest Enterprise, Inc. to Designate and Produce Adequately Prepared 30(b)(6) Witness for Deposition" filed by plaintiff Microsoft Corporation ("Microsoft"). Defendants Suncrest Enterprises, Inc. ("Suncrest") and Yi-Ling Chen ("Chen") opposed the motion. Microsoft also filed a motion to strike portions of the Declaration of John Gorman submitted in support of defendants' opposition. Upon consideration of the papers filed by the parties, as well as the arguments of counsel, the court issues the following order.

      In this action, Microsoft alleges that defendants distributed counterfeit Microsoft software products despite being on notice that such conduct infringed Microsoft's copyrights and trademarks. Suncrest and Chen deny these allegations and claim that they bought software goods from vendors they believed to be reputable. Defendants further assert that, due to financial difficulties, Suncrest has

not actively been doing business since March 2004 and currently exists in name only.

On November 11 and 14, 2005, Microsoft deposed Chen as Suncrest's corporate designee pursuant to Fed.R.Civ.P. 30(b)(6), as well as in her individual capacity. Microsoft contends that Chen was "woefully unprepared" to testify on Suncrest's behalf and now moves for an order compelling Suncrest to produce an "adequately prepared" witness. Of the twenty-two subjects of examination listed in Microsoft's Fed.R.Civ.P. 30(b)(6) deposition notice, Microsoft says that Chen was unable to answer questions pertaining to the following six categories:

| | |
|---|---|
| <u>Topic 1</u> | All communications between you and any other persons related to your acquisition and/or distribution of Microsoft items. |
| <u>Topic 2</u> | All acquisitions by you of any Microsoft items from any person (including, without limitation, sales invoices, receipts, purchase orders, or shipping service records relating to those acquisitions). |
| <u>Topic 3</u> | All distributions by you of any Microsoft items to any person (including, without limitation, sales invoices, receipts, purchase orders, or shipping service records relating to those distributions). |
| <u>Topic 6</u> | Any agreement(s) that relate to your acquisition and/or distribution of Microsoft items. |
| <u>Topic 21</u> | Your acquisition, distribution, and/or use of Microsoft Certificates of Authenticity and Microsoft Certificate of Authenticity labels. |
| <u>Topic 22</u> | Your vendors and customers of Microsoft items. |

Microsoft also requests that defendants be ordered to pay its attorneys' fees and costs incurred in bringing the instant motion to compel, arguing that Chen's alleged unpreparedness is tantamount to a failure to appear.

Under Fed.R.Civ.P. 30(b)(6), a notice for the deposition of an entity must "describe with reasonable particularity the matters on which examination is requested." If the notice sufficiently describes the subjects for examination, then the entity to be deposed "shall designate one or more officers, directors, or managing agents, or other persons who consent to testify on its behalf . . .." FED.R.CIV.P. 30(b)(6). "The persons so designated shall testify as to matters known or reasonably available to the organization." *Id*. The corporate designee need not have personal knowledge of the noticed subjects of examination. However, "[i]f the persons designated by the corporation do not possess personal knowledge of the matters set out in the deposition notice, the corporation is obligated

2

1  to prepare the designees so that they may give knowledgeable and binding answers for the
2  corporation." *United States v. Taylor*, 166 F.R.D. 356, 361 (M.D. N.C. 1996).

3      Defendants oppose Microsoft's motion, in part, by arguing about alleged deficiencies in the
4  testimony of Microsoft's corporate designee.  They have also submitted excerpts of the deposition
5  transcript of Microsoft's corporate deponent.  These arguments and materials are irrelevant to the
6  resolution of the matters at hand, and this court has not considered them in ruling on the instant motion.
7  Accordingly, Microsoft's motion to strike Paragraph 4 and Exhibit A of the Declaration of John C.
8  Gorman is GRANTED.

9      Nevertheless, having reviewed the submitted excerpts of Chen's deposition testimony, this
10 court does not find that Suncrest acted willfully or in bad faith to evade discovery in appointing Chen
11 to testify on its behalf.  Chen testified that she was the CEO and sole shareholder of Suncrest and
12 currently is its only employee.  (Gorman Decl., Ex. B (Chen/Suncrest Depo., 15:19-22, 20:22-21:3)).
13 Additionally, Chen has submitted a declaration in which she states that she spent several days
14 preparing for the deposition and that her preparation included (a) two lengthy meetings with legal
15 counsel, (b) her and her husband's personal review of every Suncrest purchase order and sales
16 invoice involving the acquisition or resale of Microsoft's software, (c) her and her husband's personal
17 review of Microsoft's complaint and all of Suncrest's prior discovery responses; and (d) her
18 discussions with several former Suncrest employees, including her former sales manager, office
19 manager and warehouse manager.  (*See* Chen Decl., ¶¶ 6-8).

20     Moreover, Microsoft's noticed topics of examination are broadly worded.  While it is true that
21 Chen was unable to fully answer certain questions, Microsoft has not convincingly demonstrated that
22 Chen was "woefully unprepared" to testify about the identities' of Suncrest's vendors, terms and
23 handwritten notes on invoice documents or conversations Suncrest's technicians might have had with
24 Microsoft.

25     At the same time, however, the court finds that Suncrest reasonably should have been able to
26 provide its position, interpretation, understanding or belief as to questions about (1) Suncrest's
27 warehouse inspection procedures (if any) (Chiarelli Decl., Ex. C, (Chen/Suncrest Depo. 54:14-56:5));
28 (2) whether Suncrest ever received shipments from its vendors of certificates of authenticity without

**United States District Court**
For the Northern District of California

3

the corresponding software (*Id.*, 79:5-13)); and (3) Microsoft software distributed by Suncrest to its customers as reflected in Suncrest's invoices (*Id.*, 136:2-23)). Accordingly, Microsoft's motion to compel is GRANTED only as to these topics. Suncrest shall produce Chen (or any other appropriate witness(es)) to testify on its behalf. The deposition shall take place no later than January 31, 2006 at a mutually agreeable time and location. Further, the deposition shall last no more than 2.0 hours (excluding breaks).[1] Microsoft's motion to compel is otherwise DENIED.

Microsoft's request for monetary sanctions is DENIED. Defendants correctly note that the request did not comply with Civil Local Rule 37-3. In any event, under the circumstances presented, this court concludes that sanctions are not warranted.

IT IS SO ORDERED.

Dated: January 6, 2006

/s/ Howard R. Lloyd
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

---

[1] This court is concurrently issuing its order on Microsoft's separately filed "Motion to Compel Deposition Answers from Defendant Yi-Ling Chen a/k/a Eileen Chen" in which Microsoft is being given two hours for a further deposition of Chen. The court notes that Microsoft shall have two hours total for the further depositions of Chen and Suncrest, and not two hours for each deposition.

4

**5:03-cv-5424 Notice will be electronically mailed to:**

John C. Gorman jgorman@gormanmiller.com

Craig Alan Hansen chansen@gormanmiller.com

Andrew K. Jacobson andy@bayoaklaw.com

Shawn T. Leuthold leuthold@aol.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.