*E-FILED ON 3/2/06*

NOT FOR CITATION

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>    Plaintiff,<br>  v.<br><br>SUNCREST ENTERPRISE and YI-LING CHEN a/k/a EILEEN CHEN,<br><br>    Defendants.<br>_____/ | No. C03-05424 JF (HRL)<br><br>**ORDER GRANTING PLAINTIFF'S MOTION TO STRIKE DEFENDANTS' MOTION TO COMPEL AND TO VACATE HEARING DATE**<br><br>[Re: Docket No. 115] |

On February 21, 2006, defendants Suncrest Enterprise and Yi-Ling Chen filed a motion to compel a further Fed.R.Civ. P. 30(b)(6) deposition of plaintiff Microsoft and purported to notice that motion for a March 28, 2006 hearing.

Presently before this court is plaintiff's motion to strike defendants' motion to compel as untimely and to vacate the March 28, 2006 hearing. Defendants oppose the motion.[1] Having considered the papers filed by the parties, the court GRANTS plaintiff's motion to strike.

Pursuant to the case management schedule set by the District Court, discovery (fact and expert) closed on November 14, 2005. Accordingly, the last day to move to compel discovery

---

[1] Plaintiff's motion was filed on February 23, 2006 pursuant to Civil Local Rule 7-11 which governs "miscellaneous administrative matters." The record indicates that the motion papers were electronically served and hand delivered to defendants that same day; and, under Civil Local Rule 7-11, defendants' opposition was to have been filed by February 28, 2006. *See* Civ. L.R. 7-11(b); FED.R.CIV.P. 6(a). Plaintiff argues that defendants' opposition was too late because it was not filed until March 1, 2006. Nevertheless, this court is not convinced that the instant motion presents a "miscellaneous administrative matter," and it has accepted and considered defendants' opposition.

was November 23, 2005, and defendants' February 21, 2006 motion to compel is untimely. See Civ. L. R. 26-2 ("Where the Court has set a single discovery cut-off for both fact and expert discovery, no motions to compel discovery may be filed more than 7 court days after the discovery cut-off.").

Defendants argue that Civil Local Rule 26-2 requires discovery motions to be filed within seven days of the discovery cutoff "unless otherwise ordered." *See* CIV. L.R. 26-2. They point out that the District Court recently granted the parties' stipulated request to extend the "Motion Hearing Cut-off" to March 31, 2006. Defendants contend that this March 31, 2006 deadline applies to *all* motions, including motions to compel discovery. However, over the last six months, the parties filed several stipulations to extend certain case management deadlines – an initial stipulation followed by two requests asking for a further extension of those deadlines. While it is true that the parties' last two stipulations refer only to a "Motion Hearing Cut-off," the parties' first stipulation shows that they considered this deadline to be a "Dispositive Motion Hearing Cut-off." (*See* Docket Nos. 46, 92, 111).

In any event, the record presented indicates that defendants deposed Microsoft on November 10, 2005, and that defense counsel was well aware several months ago of the deadline for filing discovery motions. (*See* Dugdale Decl., Ex. A). The time for moving to compel discovery has long since passed, both parties have filed summary judgment motions which are set to be heard by the District Court on March 31, 2006, and defendants have not justified their failure to timely move to compel.

Based on the foregoing, plaintiff's motion to strike defendants' untimely motion to compel is GRANTED, and the March 28, 2006 hearing is VACATED.

IT IS SO ORDERED.

Dated:   March 2, 2006

_____
HOWARD R. LLOYD
UNITED STATES MAGISTRATE JUDGE

**5:03-cv-5424 Notice will be electronically mailed to:**

John C. Gorman jgorman@gormanmiller.com

Craig Alan Hansen chansen@gormanmiller.com

Andrew K. Jacobson andy@bayoaklaw.com

Shawn T. Leuthold leuthold@aol.com

Counsel are responsible for distributing copies of this document to co-counsel who have not registered for e-filing under the court's CM/ECF program.