**E-Filed 7/17/06**

NOT FOR CITATION

**IN THE UNITED STATES DISTRICT COURT**

**FOR THE NORTHERN DISTRICT OF CALIFORNIA**

**SAN JOSE DIVISION**

| | |
|---|---|
| MICROSOFT CORPORATION,<br><br>   Plaintiff,<br><br>   v.<br><br>SUNCREST ENTERPRISE, et al.,<br><br>   Defendants. | Case Number C 03-5424 JF (HRL)<br><br>ORDER (1) CLARIFYING AWARD OF COSTS AND ATTORNEYS' FEES WITH RESPECT TO COPYRIGHT CLAIM; AND (2) DENYING DEFENDANTS' REQUEST FOR ATTORNEYS' FEES WITH RESPECT TO LANHAM ACT CLAIMS |

On May 16, 2006, the Court issued an order that, *inter alia*, granted summary judgment for Plaintiff Microsoft Corporation ("Microsoft") and against Defendants Suncrest Enterprise ("Suncrest") and Yi-Ling Chen ("Chen") with respect to Microsoft's copyright claim. The order indicated that the Court would award up to $30,000 in costs and attorneys' fees on the copyright claim and invited Microsoft to file a declaration setting forth its costs and attorneys' fees incurred. Microsoft's counsel filed such a declaration on May 23, 2006, and on June 6, 2006 the Court issued an order awarding costs and attorneys' fees to Microsoft in the amount of $30,000.

At the time it issued the June 6 Order, the Court was unaware that a dispute had arisen between the parties as to whether the award of costs and attorneys' fees should run against Suncrest only, or against Suncrest and Chen. Defendants filed a brief on May 31, 2006, arguing

that any award of costs and fees should not run against Chen individually, but the Court had not seen this brief at the time it issued the June 6 Order. Microsoft subsequently filed a supplemental brief on June 20, 2006, arguing that the award should run against Chen individually. At the Court's request, Defendants filed a supplemental brief in response on July 14, 2006.

On July 3, 2006, Chen filed a request for an award of attorneys' fees based upon her status as a prevailing party on Microsoft's Lanham Act claims. At the Court's request, Microsoft filed a supplemental brief addressing Chen's request on July 14, 2006.

Both matters thereafter were taken under submission without oral argument.

**A.     Copyright Claim**

Under the Copyright Act, the court in its discretion may award costs and attorneys' fees to the prevailing party. 17 U.S.C. § 505; *Historical Research v. Cabral*, 80 F.3d 377, 378 (9th Cir. 1996). "District courts should consider, among other things, the degree of success obtained; frivolousness; motivation; objective unreasonableness (both in the factual and legal arguments in the case); and the need in particular circumstances to advance considerations of compensation and deterrence." *Historical Research*, 80 F.3d at 379 n.1 (internal quotation marks and citation omitted).

As the Court acknowledged it its summary judgment order, the evidence in the record indicates that neither Suncrest nor Chen were willful copyright infringers. However, the infringement did occur, and Microsoft was put to the trouble and expense of bringing this action. The Court therefore awarded statutory damages in the amount of $5,000 and reasonable costs and attorneys' fees in the amount of $30,000. These amounts are quite modest in comparison with the statutory damages, costs and fees that Microsoft sought. In limiting the award of costs and fees, the Court took into account the fact that Defendants were not willful infringers, that their arguments were not objectively unreasonable, and that there was no particular need for deterrence because Defendants no longer were in the business of selling Microsoft products.

Chen argues that the award of costs and fees should not run against her because she personally did nothing wrong and was found liable for copyright infringement only on a theory of vicarious liability. The lack of willful misconduct on the part of *both* Suncrest and Chen was

taken into account in fixing the award of costs and attorneys' fees.  The Court is not aware of any decision in which two defendants are found liable for copyright infringement, but only one is subjected to an award of costs and attorneys' fees under § 505.  Moreover, costs and fees clearly can be awarded based solely upon vicarious liability.  *See, e.g, Superhype Publishing, Inc. v. Vasiliou*, 838 F.Supp. 1220, 1227 (S.D. Ohio 1993) (awarding attorneys' fees against defendant who was found liable for copyright infringement on a vicarious liability theory).  Accordingly, the Court clarifies that the award of costs and attorneys' fees in the amount of $30,000 runs against both Suncrest and Chen.

**B.     Lanham Act Claims**

Under the Lanham Act, the court in its discretion may award attorneys' fees to the prevailing party in "exceptional cases."  15 U.S.C. § 1117(a).  In the Ninth Circuit, a case is considered "exceptional" under § 1117(a) if the case is "groundless, unreasonable, vexatious, or pursued in bad faith."  *Cairns v. Franklin Mint Co.*, 292 F.3d 1139, 1156 (9th Cir. 2002) (internal quotation marks and citation omitted).  While Microsoft did not prevail on its Lanham Act claims against Chen, the Court concludes that Microsoft's claims were not so groundless or unreasonable to warrant an award of attorneys' fees to Chen.  Accordingly, Chen's motion will be denied.

**ORDER**

(1)     The Court clarifies that the award of costs and attorneys' fees in the amount of $30,000 on the copyright claim runs against both Suncrest and Chen; and

(2)     Chen's motion for attorneys' fees is denied.

DATED: 7/17/06

_____
JEREMY FOGEL
United States District Judge

1  This Order has been served upon the following persons:

2

3  Jennifer N. Chiarelli    Jchiarelli@perkinscoie.com, skumagai@perkinscoie.com

4  John C. Gorman    jgorman@gormanmiller.com

   Craig Alan Hansen    chansen@gormanmiller.com
5
   Andrew K. Jacobson    andy@bayoaklaw.com
6
   Shawn T. Leuthold    leuthold@aol.com
7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

4

Case No. C 03-5424 JF (HRL)
ORDER (1) CLARIFYING AWARD OF COSTS AND ATTORNEYS' FEES ETC.
(JFLC2)